IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY R. WILLIAMS and TONIA WILLIAMS, H/W, <br><br> *Plaintiffs*, <br><br> v. <br><br> TAKEDA PHARMACEUTICALS AMERICA, INC., *et al.*, <br><br> *Defendants*. | CIVIL ACTION <br> NO. 18-4774 |

**PAPPERT, J.** June 26, 2019

## MEMORANDUM

Jeffrey Williams and his wife Tonia sued Takeda Pharmaceuticals America, Inc. ("Takeda America"), Takeda Pharmaceuticals U.S.A., Inc. f/k/a Takeda Pharmaceuticals North America, Inc. ("Takeda USA"), Takeda Pharmaceuticals Company, Ltd. ("Takeda Limited") and Takeda Global Research and Development Center, Inc. ("Takeda R&D") for negligence and eight related claims under Pennsylvania state law. The claims arise from bladder cancer Jeffrey contracted after taking Defendants' medication Actos for over a year to treat his type 2 diabetes.

Takeda America, Takeda USA and Takeda R&D ("Defendants") move to dismiss for lack of personal jurisdiction.[1] None of the Defendants are incorporated in or have their principal places of business in Pennsylvania. Takeda America and Takeda USA, however, are registered to do business as foreign corporations under 42 Pa. Cons. Stat.

---

[1] Takeda Limited does not join in the Motion because it asserts that it has not been served. *See* (Mot. Dismiss at 1 n.1, ECF No. 4).

1

Ann. § 5301. The Court grants in part and denies in part the Motion for the reasons that follow.

I

Actos is a prescription medication that helps control glucose levels in adults with type 2 diabetes. (Compl. at 2 & ¶ 28, ECF No. 1.)[2] Defendants design, test, manufacture, distribute and market Actos in Pennsylvania. (*Id.* at ¶¶ 9, 15, 26, 28.) Takeda America is a wholly-owned subsidiary of Takeda USA, (*id.* at ¶ 7), and Takeda USA is a wholly-owned subsidiary of Takeda Limited, (*id.* at ¶ 13). Takeda R&D is also a subsidiary of Takeda Limited. (*Id.* at ¶ 24.)[3] Takeda America and Takeda USA are incorporated in Delaware and have their principal places of business in Illinois. (*Id.* at ¶¶ 6, 12.) Both are registered to do business in Pennsylvania and maintain a registered agent, CT Corporations Systems, in Philadelphia. (*Id.*)

From February 2, 2010 through November 2, 2011, Jeffrey took Actos to treat his type 2 diabetes and subsequently contracted bladder cancer. (*Id.* at ¶¶ 28–29.) He contends, among other things, that Defendants failed to adequately test Actos, negligently manufactured and placed an unreasonably dangerous product in the stream of commerce and "actively concealed" the increased risk of developing bladder cancer "associated with more than twelve months of Actos ingestion." (*Id.* at ¶¶ 29, 32, 47, 62–64.) Although Plaintiffs have not specified whether they were living at their current

---

[2] The Complaint does not differentiate between Jeffrey's ingestion of Actos (pioglitazone), Actosplus Met (pioglitazone/metformin) and Actosplus Met XR (pioglitazone/metformin extended-release). (Compl. at 2.)

[3] Plaintiffs have not alleged Takeda R&D's place of incorporation or principal place of business.

home in New Jersey when Jeffrey took Actos and contracted bladder cancer, Jeffrey alleges that he sought treatment from medical professionals in and around Philadelphia because he was working for a corporation in Pennsylvania at the time. (*Id.* at ¶¶ 4–5, 30–31.) Jeffrey alleges that he is no longer employed by that corporation as a result of the injuries he suffered from the "defective nature of Actos." (*Id.* at ¶ 31.)

On November 5, 2011, Jeffrey and Tonia sued the Defendants for negligence, failure to warn, defective design, breach of express warranty, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, negligence per se, negligent misrepresentation and loss of consortium. (Compl., ECF No. 1.) On January 18, 2019, Defendants moved to dismiss for lack of personal jurisdiction. (Mot., ECF No. 4.)

II

Defendants move to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See* Fed. R. Civ. P. 12(b)(2). Once challenged, Plaintiffs bear the burden to establish personal jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). Where, as here, the Court does not hold an evidentiary hearing, Plaintiffs need only establish a *prima facie* case of personal jurisdiction. *Id.* (quoting *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004)). They may use "affidavits or other competent evidence" to demonstrate "with reasonable particularity" sufficient contacts between Defendants and the forum. *Lehigh Gas Wholesale, LLC v. LAP Petroleum, LLC*, 2015 WL 1312213 at *2 (E.D. Pa. Mar. 23, 2015) (quoting *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009), *O'Connor*, 496

3

F.3d at 316 and *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). The Court accepts the Complaint's factual allegations as true. *O'Connor*, 496 F.3d at 316 (quoting *Miller Yacht Sales*, 384 F.3d at 97).

Courts sitting in diversity apply the law of the forum state to determine whether jurisdiction is proper. Fed. R. Civ. P. 4(k)(1)(A). Pennsylvania's long-arm statute is co-extensive with the Due Process Clause of the Fourteenth Amendment. *See* 42 Pa. Cons. Stat. Ann. § 5322(b) (allowing courts to exercise personal jurisdiction over non-residents "to the fullest extent under the Constitution of the United States and may be based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States); *see also Mellon Bank*, 960 F.2d at 1221 ("The Pennsylvania statute permits the courts of that state to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the [D]ue [P]rocess [C]lause of the [F]ourteenth [A]mendment.") Accordingly, the Court's jurisdiction is proper so long as Defendants have "certain minimum contacts with Pennsylvania such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316–17 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction: general and specific. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017). A court with general jurisdiction may hear any claim against a defendant, even if all the incidents underlying the claim occurred in a different state. *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). However, specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the

4

very controversy that establishes jurisdiction." *Id.* (quoting *Goodyear*, 564 U.S. at 919). Each defendant's contacts with the forum state must be assessed individually. *Calder v. Jones*, 465 U.S. 783, 790 (1984).

A

Pennsylvania's jurisdictional statute provides, in relevant part:

(a) General rule.—The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:
. . . . .
    (2) Corporations.—
        (i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.
        (ii) Consent, to the extent authorized by the consent.
        (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

42 Pa. Cons. Stat. Ann. § 5301(a)(2)(i–iii). Pursuant to this statute, Plaintiffs contend that Takeda America and Takeda USA consented to general jurisdiction by registering to do business in Pennsylvania and maintaining a registered agent, CT Corporations Systems, in Philadelphia. *See* (Resp. Opp'n 8–11, ECF No. 7); *see also* (Compl. ¶¶ 6, 12). They rely on *Bane v. Netlink,* 925 F.2d 637 (3d Cir. 1991). (Resp. Opp'n 8–11.) There, the Third Circuit Court of Appeals held that "registration by a foreign corporation carries with it consent to be sued in Pennsylvania courts." 925 F.2d at 640. Takeda America and Takeda USA assert that a foreign corporation's registration is insufficient to establish consent to general personal jurisdiction and violates the Due Process Clause as applied in *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), and, more recently, in *Bristol-Myers Squibb*. (Mot. at 4–7.)

5

Consent has been recognized as a traditional basis for asserting personal jurisdiction. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703–04 (1982) ("A variety of legal arrangements have been taken to represent express or implied consent to the personal jurisdiction of the court . . . [and] the Court has upheld state procedures which find constructive consent to the personal jurisdiction of the state court in the voluntary use of certain state procedures."). The Third Circuit in *Bane* concluded that an out-of-state corporation that registered to do business in Pennsylvania consented to personal jurisdiction there. 925 F.2d at 640–41. The Circuit has not changed its view. Although Defendants argue that *Daimler* and *Bristol-Myers Squibb* narrowed the scope of general jurisdiction by establishing the "at home" requirement, neither case addressed consent. *Daimler* mentioned consent once, stating that "[the Court's] 1952 decision in *Perkins v. Benguet Consol. Mining Co.* remains the textbook case of general jurisdiction appropriately exercised over a foreign corporation that has *not consented* to suit in the forum." 571 U.S. at 129 (citing *Goodyear*, 564 U.S. at 928) (emphasis added). *Bristol-Myers Squibb* never mentioned consent; instead, it found that "settled principles regarding specific jurisdiction control[led]" the case. 137 S. Ct. at 1781. Without any further analysis from the Supreme Court or the Third Circuit, a foreign corporation's registration to do business in Pennsylvania establishes

consent to personal jurisdiction.[4]  The Court denies Defendants' Motion with respect to Takeda America and Takeda USA.

B

Plaintiffs assert that Takeda R&D transacts business, derives substantial revenue and is "in the business of researching, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging, and/or advertising" Actos in Pennsylvania. (Compl. ¶¶ 25–27).[5]  "[W]hen a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' over the defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) (citation omitted).  The Court must first consider whether Takeda R&D "purposefully directed [its] activities" at

---

[4]  *Compare Youse v. Johnson & Johnson*, No. CV 18-3578, 2019 WL 233884, at *3 (E.D. Pa. Jan. 16, 2019) (finding that consent remains a valid form of establishing general personal jurisdiction under 42 Pa. Cons. Stat. Ann § 5301 after *Daimler*), *and Aetna Inc. v. Mednax, Inc.*, No. CV 18-2217, 2018 WL 5264310 (E.D. Pa. Oct. 23, 2018) (same), *and Electrolux Home Prods.*, No. 5:18-CV-00699, 2018 WL 3707377, (E.D. Pa. Aug. 3, 2018) (same), *and Hegna v. Smitty's Supply, Inc.*, No. CV 16-3613, 2017 WL 2563231 (E.D. Pa. June 13, 2017) (same), *with In re Asbestos Prod. Liab. Litig. (No. VI)*, No. 18-3622, 2019 WL 2399738, at *1 (E.D. Pa. June 6, 2019) (holding that Pennsylvania's statutory scheme requiring foreign corporations to register to do business and consent to general personal jurisdiction offends the Due Process Clause).

[5]  The Court exercises general jurisdiction if the defendant's affiliations with the forum state are so "'continuous and systematic' as to render [it] essentially at home in the forum." *Goodyear*, 564 U.S. at 919 (citing *Int'l Shoe*, 326 U.S. at 317).  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (quoting *Goodyear*, 564 U.S. at 924).  A corporation is "at home" in the state of its "place of incorporation and principal place of business." *Daimler*, 571 U.S. at 137.  Plaintiffs have not alleged the place of incorporation or principal place of business for Takeda R&D.  Moreover, Plaintiffs fail to show that this is an "exceptional case [where] a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 138 n.19.  Allegations that a corporation "transacts business, even substantial business, in Pennsylvania is insufficient" to establish general jurisdiction. *Barth v. Walt Disney Parks & Resorts U.S., Inc.*, 206 F. Supp. 3d 1026, 1031 (E.D. Pa. 2016), *aff'd*, 697 Fed. App'x 119 (3d Cir. 2017) (citations omitted).

7

Pennsylvania and whether the litigation "arise[s] out of or relate[s] to" at least one of those activities. *O'Connor*, 496 F.3d at 317 (citations omitted). Once these two requirements have been met, jurisdiction is "presumptively constitutional," and the Court may consider whether the exercise of jurisdiction otherwise "comports with fair play and substantial justice." *Id.* at 317, 324 (quoting *Burger King*, 471 U.S. at 476–77).[6]

Specific jurisdiction requires an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781 (quoting *Goodyear*, 564 U.S. at 919). When there is no such connection, specific jurisdiction is "lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* (quoting *Goodyear*, 565 U.S. at 931 n.6) ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales"). The Supreme Court in *Bristol-Myers Squibb* concluded that specific jurisdiction could not be exercised over nonresident plaintiffs' claims where those plaintiffs were not prescribed the defendant's medication, did not purchase it, did not ingest it and were not injured by it in the forum state. *Id.*; *see also Walden v. Fiore*, 571 U.S. 277, 291 (2014) ("Petitioner's relevant conduct occurred entirely in Georgia, and the mere

---

[6] Courts typically assess specific jurisdiction on a claim-by-claim basis, but "it may not be necessary to do so for certain factually overlapping claims." *O'Connor*, 496 F.3d at 317 n.3 (citing *Remick v. Manfredy*, 238 F.3d 248, 255–56 (3d Cir. 2001)). Here, Plaintiffs' claims arise from the same set of facts, so the Court will analyze them together. *See Spiro v. Allied Bldg. Prod. Corp.*, 2013 WL 5270772 at *5 (E.D. Pa. Sept. 17, 2013) (jointly analyzing specific jurisdiction over UTPCPL and breach of contract claims).

fact that his conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.").

"What is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781. Plaintiffs' claims do not arise from Takeda R&D's contacts with Pennsylvania. Like the nonresident plaintiffs in *Bristol-Myers Squibb*, Plaintiffs do not allege, nor purport to show by affidavit or any other competent evidence, that Jeffrey was prescribed Actos, purchased it, ingested it or was injured by it in Pennsylvania. Although Plaintiffs try to argue that Jeffrey was "injured in Pennsylvania, experiencing his condition at work in Pennsylvania and during treatment in Pennsylvania," (Resp. Opp'n at 21), the relevant "conduct giving rise to Plaintiffs' claims occurred elsewhere," *Bristol-Myers Squibb*, 137 S. Ct. at 1782. The Court accordingly grants the Motion with respect to Takeda R&D.

An appropriate Order follows.

                                              BY THE COURT:

                                              ***/s/ Gerald J. Pappert***
                                              GERALD J. PAPPERT, J.